IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ULTRATEC, INC. and CAPTEL INC.,

                Plaintiffs,

v.

SORENSON COMMUNICATIONS, INC.
and CAPTIONCALL, LLC,

                Defendants.

ORDER

15-cv-563-jdp

---

These parties have four cases in this court involving telecommunication technology for the deaf and hard-of-hearing. All of the patent claims asserted in the first case, No. 13-cv-346, have been successfully challenged in an *inter partes* review. The third case, No. 14-cv-847, involves patents related to those patents, and the court agreed to stay that case pending the outcome of a further *inter partes* review.

The parties now seek to stay this fourth case for the same reason. The patent-in-suit, U.S. Patent No. 9,131,045, claims priority to a patent with claims that PTAB has already invalidated, and is the parent to two patents that PTAB is currently reviewing. Defendants petitioned PTAB for review of the '045 patent on September 9, 2015. PTAB has until March 8, 2016, to decide whether to institute review, and if it chooses to do so, it will have until March 8, 2017, to issue a final written decision.

Ordinarily, the court would decline to stay a case involving a patent that is the subject of merely a petition for *inter partes* review. It would usually be more efficient to proceed until PTAB actually decides to initiate *inter partes* review. But in this case, because the '045 patent is so closely related to other patents that are currently undergoing, or have already undergone, *inter partes* review, it is not necessary to wait and see whether PTAB initiates

review of the '045 patent. The factors favor staying the case. *See VirtualAgility, Inc. v. Salesforce.com*, 759 F.3d 1307, 1309 (Fed. Cir. 2014) (setting out factors for considering a stay under the AIA provisions for covered business method patents); *NFC Tech. LLC v. HTC Am., Inc.*, No. 13-cv-1058, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (applying the *VirtualAgility* factors to *inter partes* review). First, the case is in its infancy and the trial date has not yet been set. Second, plaintiffs have agreed to stay the case until PTAB decides whether to institute review, so the court sees no prejudice to plaintiffs in granting the stay. Finally, given PTAB's decisions concerning the validity of other claims in the patent family, there is a reasonable likelihood that the PTAB decision will simplify the issues in this case and streamline the trial. In the meantime, staying this case will reduce the burden on everyone by suspending discovery and motion practice until PTAB reaches its decision.

This case will be stayed until PTAB decides whether to institute review. If PTAB grants the petition and initiates review, then the court will likely continue the stay, but it will not do so without hearing from the parties. Accordingly, when PTAB makes its decision, the parties should promptly inform the court of that decision and whether they request that the stay be lifted.

ORDER

IT IS ORDERED that defendants Sorenson Communications, Inc. and CaptionCall, LLC's motion to stay, Dkt. 20, is GRANTED, as stipulated by plaintiffs Ultratec, Inc. and CapTel, Inc. in Dkt. 26.

Entered December 21, 2015.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge